IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2098-BO

| | |
|---|---|
| ALTON EDWIN HILTON, )<br>Petitioner, )<br> )<br>v. )<br> )<br>WARDEN TRACEY JOHNS, )<br>Respondent. ) | **ORDER** |

On May 19, 2011, Alton Edwin Hilton filed this writ of habeas corpus petition pursuant to 28 U.S.C. § 2241. On November 17, 2011, respondent filed a motion to dismiss, arguing that the petition should be dismissed as an abuse of the writ. Petitioner timely responded, and the matter is ripe for determination.

DISCUSSION

I.  Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

II.  Background

Previously, on July 17, 2003, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in his criminal case (hereinafter "first petition"). United States v. Hilton, 5:01-CR-7-HL-1 (.M.D. Ga.), D.E. 52. On May 27, 2004, the § 2255 motion was denied. Id. , D.E. 63-64. Thereinafter, petitioner filed numerous appeals and motions challenging that court's dismissal of the motion. See docket, United States v. Hilton, 5:01-CR-7-HL-1. On April 14, 2008, Hilton sought permission from the Eleventh Circuit Court of Appeals to file a second habeas petition. (D.E. 1, Pet.) On February 27, 2009, Hilton filed a petition under § 2241 in this district (hereinafter "second petition"). Hilton v. Johns, 5:09-2029-D (E.D.N.C.), D.E.1. On March 1, 2010, the petition was dismissed after initial review. Id., D.E. 4. Petitioner appealed that decision, and the Fourth Circuit affirmed the dismissal. Id., D.E. 14-16.

After a full review of the record, it is clear that by this petition, petitioner raises the same issues that he previously raised in the second petition.[1] The claims are that petitioner did not violate 18 U.S.C. § 924(e) because petitioner has only been convicted of two of the three prior violent

---

[1] The court does not have electronic access to the exact claims raised in his first petition. Therefore, in ruling on respondent's defense asserting the abuse of the writ, the court shall only consider the second petition. That stated, it is clear Hilton made the same argument at the Eleventh Circuit in seeking to file a second or successive petition. Hilton, 5:09-HC-2029-D, D.E. 1, p. 11 ("As a result of the February 19, 2008, Order, Mr. Hilton filed an application pursuant to 28 U.S.C. section 2244 with the Eleventh Circuit Court of Appeals, seeking authorization to file a second or successive section 2255 motion in the district court.")

2

felonies necessary to sentence him as an Armed Career Criminal. As evidence and proof, petitioner proffers a judgment from Washington County, Pennsylvania, regarding one of his convictions.

III.   Analysis

The abuse of the writ doctrine mandates dismissal of claims presented in habeas petitions if the claims were raised, or could have been raised in an earlier petition.[2] McCleskey v. Zant, 499 U.S. 467, 489 (1991); Noble v. Barnett, 24 F.3d 582, 585 (4th Cir. 1994); Mendez v. United States, No. 04-HC-90-FL, 2004 WL 3327911, *2 n.1 (E.D.N.C. 2004), aff'd, 126 Fed. Appx. 148 (4th Cir. 2005). Respondent bears the initial burden of pleading abuse of the writ. To meet this burden respondent must, with clarity and particularity, note petitioner's prior writ history, identify the claims that appear for the first time, and allege that petitioner abused the writ. McClesky, 499 U.S. at 468. The burden then shifts to the petitioner to disprove abuse by showing cause for failing to raise the relevant claim in his prior petition and actual prejudice resulting from the claim. Id. at 493-94.

Respondent contends that petitioner has abused the writ of habeas corpus because he is attempting to raise claims brought previously in this district before the Honorable James C. Dever III. The claims were adjudicated, and petitioner was denied habeas relief. Based upon the foregoing, respondent has properly pleaded abuse of the writ. Furthermore, petitioner has not come forth with

---

[2] The abuse of the writ doctrine, as set forth in McClesky, 499 U.S. at 489, was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See Zayas v. Immigration and Naturalization Service, 311 F.3d 247, 252-53 (3rd Cir. 2002); 28 U.S.C. §§ 2244(b) and 2255; Young–Bey v. Stansberry, No. 1:08CV1172JCC/JFA, 2010 WL 768611, *4 (E.D.Va. Mar. 4, 2010). Furthermore, courts have interpreted the AEDPA requirements to apply equally to successive habeas petitions under 28 U.S.C. § 2241. See, e.g., Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008); and Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

3

any evidence of cause or prejudice as required by McClesky. Therefore, the court dismisses this petition as an abuse of the writ.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 12) is hereby GRANTED. Accordingly, the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20 day of July 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge